THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LORI VIGIL,

      Plaintiff,

v.                                    No. Civ. 11-1056 LH/KBM

MORA INDEPENDENT SCHOOLS,

      Defendant.

**MEMORANDUM OPINION AND ORDER ENJOINING MAGISTRATE COURT FOR THE COUNTY OF MORA, NEW MEXICO, FROM PROCEEDING FURTHER IN THE CASE OF *VIGIL V. MORA INDEPENDENT SCHOOLS*, M-37-CV-2011-00024 UNLESS AND UNTIL THE CASE IS REMANDED**

      On January 16, 2012, Defendant filed an Unopposed Motion to Quash State Court's Notice of Non Jury Trial (Doc. 11).  The Court, having considered the motion, the law, and otherwise being fully advised, finds the motion should be granted and that the Magistrate Court in Mora County, New Mexico will be enjoined from proceeding any further in the case of *Vigil v. Mora Independent Schools*, M-37-CV-2011-00024, "unless and until the case is remanded."

**I.    BACKGROUND**

      On November 21, 2011, Plaintiff Lori Vigil filed a complaint in Magistrate Court, Mora County, New Mexico, Division 1, *Vigil v. Mora Independent Schools*, M-37-CV-2011-00024. Plaintiff describes her suit as follows: "Suing for $1.00 for expenses to make school (High School) compliant for ADA, act II and III and violations to Section 504 of the Reh[a]bilitation Act of 1973." (Compl. (Doc. 1-1).)  Plaintiff alleges that her claim arises from the following event or transaction: "High School is not wheelchair access[i]ble & violated child's 504 plan.  Seeking $1.00 for time off of work, filing fees, paper.  Asking court to demand school's compliance in State & Federal law in

180 days." (*Id.*) Defendant removed the case to this Court based on federal question jurisdiction on November 30, 2011. (*See* Notice of Removal (Doc. 1).) On December 1, 2011, Defendant filed this Court's Notice of Removal in Magistrate Court, Mora County, Division I. (*See* Mot., Ex. 1 (Doc. 11-1) at 2 of 5.) Defendant also mailed a copy of the Notice of Removal to Plaintiff. (*See* Notice of Removal (Doc. 1) at 2-3.)

Despite the filing of the Notice of Removal, on December 29, 2011, the Clerk of the Magistrate Court in Mora County filed a Notice of Non Jury Trial, directing the parties in the removed case of *Vigil v. Mora Independent Schools*, No. M-37-CV-2011-00024, to appear for a non-jury trial before the Honorable Philip J. Romero on January 30, 2012. (*See* Mot., Ex. 1 (Doc. 11-1) at 1 of 5.) The Notice stated that the failure of any party to appear at the specified time and place for trial would be grounds for entering a default judgment against the party. (*Id.*) On January 3, 2012, counsel for Defendant received a copy of the Magistrate Court's Notice of Non Jury Trial. Counsel spoke to the Magistrate Court Clerk and reminded her that the case had been removed and that the Magistrate Court lacked jurisdiction over the case unless and until the case is remanded. The Magistrate Court Clerk informed counsel that the trial would be vacated and that an appropriate order would be entered.

However, on January 13, 2012, the Magistrate Court Clerk left a message for counsel informing him that she had spoken to State Magistrate Judge Philip Romero, that the hearing would not be vacated, and that Judge Romero expects counsel to attend the January 30, 2012 hearing. Defendant subsequently filed this motion seeking an order quashing the Notice of Non Jury Trial and ordering the Magistrate Court to proceed no further unless and until the case is remanded to it. Plaintiff appears to consent to this motion.

**II.     ANALYSIS**

The All Writs Act states that a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The relief of the All Writs Act, however, is subject to the limitations expressed in the Anti-Injunction Act, which provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

One of the long recognized statutory exceptions to the prohibition of the Anti–Injunction Act is in the federal removal statute, 28 U.S.C. § 1446(d). *See Vendo Co. v. Lektro–Vend Corp.*, 433 U.S. 623, 640 (1977) ("The statutory procedures for removal of a case from state court to federal court provide that the removal acts as a stay of the state-court proceedings."); *Mitchum v. Foster*, 407 U.S. 225, 234 (1972) (reiterating that removal to federal court is a situation where there is an express authorization to enjoin state court proceedings); *Kansas Public Employees Retirement Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063, 1069 (8th Cir. 1996) (stating that language in 28 U.S.C. § 1446(d) "has been considered express authorization to stay state court proceedings; therefore, injunctions to stay state proceedings in removed cases come within the first exception to the Anti-Injunction Act"). Section 1446(d) provides:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, *which shall effect the removal and the State court shall proceed no further unless and until the case is remanded*.

28 U.S.C. § 1446(d) (emphasis added).

"[A]fter removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case." *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248,

1254 (11th Cir. 1988) (citing *Steamship Co. v. Tugman*, 106 U.S. 118, 122 (1882)). Any subsequent proceedings in state court on the case are generally void *ab initio,* and federal courts have the power to enjoin state courts from proceeding in a removed case. *Id.* at 1254-55. *See also Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 880 (1st Cir. 1983) (explaining that removal statute automatically stays state proceedings when removal is effected; that post-removal proceedings in state court in removed case are void *ab initio*; and that district court may enter order staying state proceedings, even though removal statute already automatically effected stay). "Moreover, the party who removed the case is not obligated to appear in state court and litigate the suit on the merits if the state court exercises jurisdiction in defiance of the removal." *Maseda*, 861 F.2d at 1255 n.12 (citing *Steamship Co.*, 106 U.S. at 123).

In this case, the Court clearly has federal question jurisdiction over the case. No party has contested either this Court's jurisdiction or the removal, which appears to have been properly effectuated. The Magistrate Court's attempt to convene further proceedings, in effect, constitutes an attempt to subvert federal removal jurisdiction. According to § 1446(d), the All Writs Act, and the Anti-Injunction Act, this Court has express Congressional authorization to enjoin such state court proceedings in order to aid in its jurisdiction. The Court will therefore enjoin the Magistrate Court in Mora County from proceeding any further in the case of *Vigil v. Mora Independent Schools*, M-37-CV-2011-00024, "unless and until the case is remanded."

**IT IS THEREFORE ORDERED** that

1.      Defendant's Unopposed Motion to Quash State Court's Notice of Non Jury Trial (**Doc. 11**) is **GRANTED**.

2.      The Magistrate Court in Mora County is **HEREBY ENJOINED** from proceeding

any further in the case of *Vigil v. Mora Independent Schools*, M-37-CV-2011-00024, "unless and until the case is remanded."

    3.    The Clerk of the United States District Court for the District of New Mexico is hereby **ORDERED** to serve this Order upon the Magistrate Court, Mora County, New Mexico, Division 1.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**