THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LORI VIGIL,

       Plaintiff,

v.                                            No. Civ. 11-1056 LH/KBM

MORA INDEPENDENT SCHOOLS,

       Defendant.

## ORDER TO COMPEL AND NOTICE OF POSSIBLE DISMISSAL OF CERTAIN CLAIMS

**THIS MATTER** comes before the Court *sua sponte* based on the Court's obligation to determine for itself whether Plaintiff Lori Vigil, who is proceeding pro se, has standing to proceed with the claims on behalf of her minor children. *See Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011) (*sua sponte* raising and deciding issue of whether non-attorney parent may proceed *pro se* on behalf of her minor child to challenge in federal court administrative denial of Supplemental Security Income ("SSI") benefits). *See also Osei–Afriyie ex rel. Osei–Afriyie v. Med. Coll. of Penn.*, 937 F.2d 876, 883 (3d Cir.1991) (observing that parties' failure to bring to district court's attention absence of counsel to represent minor children did not waive issue because "the parent cannot waive this right").

A person has a right to proceed pro se in a civil action in federal court. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). To proceed pro se, however, the person must be litigating an interest personal to him, and thus, a pro se plaintiff cannot appear on another person's behalf. *Adams*, 659 F.3d at 1299. This

prohibition extends to a pro se parent acting on behalf of a minor child. *See id.* at 1300. "The general rule prohibiting a non-attorney parent from representing his or her minor child in federal court 'is designed to protect the interests of the minor party; in addition, it jealously guards the judiciary's authority to govern those who practice in its courtrooms.'" *Id.* (quoting *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir.2010)). As the Second Circuit explained:

> The choice to appear pro se is not a true choice for minors who under state law, *see* Fed. R. Civ. P. 17(b), cannot determine their own legal actions. There is thus no individual choice to proceed pro se for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others.
>
> It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.

*Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990).

The courts, however, have carved out narrow exceptions to this general rule where the alignment of interests between the parent and her child is so close that the parent has a personal stake in the litigation. *See*, *e.g.*, *Adams*, 659 F.3d at 1301 (holding that pro se, competent parent may proceed on behalf of minor child in appeals from administrative SSI benefits decisions). Nevertheless, as to most causes of action, a parent cannot bring suit on behalf of her minor child, and such claims thereby brought by the parent may be subject to dismissal without prejudice. *See Cheung*, 906 F.2d at 62 (remanding to give parent opportunity to retain counsel, but if counsel not retained, to dismiss civil rights complaint without prejudice); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that parent could not represent his daughters in civil rights action filed

pursuant to 42 U.S.C. § 1983).[1]

The Court's duty to determine which, if any, of the claims in this case can proceed with Ms. Vigil pro se is made difficult by the ambiguous Amended Complaint (Doc. 13) filed in this case. In the Joint Status Report, the parties agree that this case is by Ms. Vigil "on her behalf and that of her children alleging violations under the ADA[2], IDEA, the Rehabilitation Act, Section 540, and her right to free speech under the First Amendment." (Doc. 17 at 1.) It is unclear, however, which of the claims Ms. Vigil is asserting on her own behalf and which on behalf of her children.

In light of all the foregoing, this Court is presenting Ms. Vigil with three alternatives to address the aforementioned problems with her proceeding without counsel. The first alternative is that Ms. Vigil may hire an attorney and have the attorney file an amended complaint, asserting both Ms. Vigil's claims and/or the claims of her minor children. The second option is that Ms. Vigil may continue appearing pro se and may file an amended complaint asserting her claims only, and not those of her children. If Ms. Vigil chooses the second option, she must articulate how Defendant injured her personally and what legal rights of hers Defendant violated, which is distinct from

---

[1]The Supreme Court has held that the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, includes provisions conveying rights to parents as well as to children; therefore, the IDEA grants parents independent, enforceable rights that encompass the entitlement to a free appropriate public education for the parent's child. *See Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 526-32 (2007). The Supreme Court, however, expressly did not reach the issue of whether the IDEA allows non-attorney parents to litigate pro se their child's IDEA claims. *Id.* at 535. A number of courts have since held that nothing in *Winkelman* suggests that parents may act pro se to assert their child's separate IDEA or other statutory rights, and have adhered instead to the long-standing law to the contrary. *See*, *e.g.*, *Woodruff v. Hamilton Township Public Schools*, 305 Fed. Appx. 833, 836 (3d Cir. Jan. 15, 2009) (unpublished opinion); *J.R. ex rel. W.R. v. Sylvan Union Sch. Dist.*, 2008 WL 682595 (E.D. Cal. Mar. 10, 2008) (unpublished opinion); *Chase v. Mesa County Valley Sch. Dist. No. 51*, 2007 WL 2889446, *1-2 (D. Colo. Sept. 27, 2007) (unpublished opinion).

[2]Americans with Disabilities Act, 42 U.S.C. § 12201, *et seq.*

pleading her children's claims. The third alternative is that Ms. Vigil can do nothing and rest on her Amended Complaint, but potentially face the dismissal without prejudice of the claims brought on her children's behalf. Ms. Vigil will have 21 days to comply with either of the first two options, or to inform the Court if she chooses the third option.

**IT IS THEREFORE ORDERED** that Plaintiff Lori Vigil has **TWENTY-ONE (21) DAYS** to comply with the requirements contained in this Order or potentially face the dismissal without prejudice of the claims brought on her children's behalf.

_____
SENIOR UNITED STATES DISTRICT JUDGE